UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM BECKLER,

      Plaintiff,         **CIVIL COMPLAINT**

        -v-

UNITED STATES MARSHALS SERVICE, JOHN DOE 1,  **ECF Case**
JOHN DOE 2,

        Defendants.

---

## <u>SUMMARY</u>

1. This is an action for damages under the Federal Tort Claims Act, 28 U.S.C. Section 2671, against the United States Marshals Service ("USMS") for negligence in causing plaintiff William Beckler ("Beckler") to collide while bicycling with a moving traffic barrier under direct control of on-duty USMS personnel on September 11, 2019 (the "Crash"), causing Beckler to sustain severe injuries.

## <u>PARTIES TO THIS ACTIOIN</u>

2. Beckler is a natural person who resides in the County of Kings, the State of New York, at 1834 Caton Avenue.

3. Defendant United States Marshals Service is an agency within the Justice Department of the Executive Branch of the Government of the United States, that is subject to suit under the FCTA for alleged torts committed by its personnel in the course of their official duties.

4.     Defendants John Doe 1 and John Doe 2 are unknown persons sued here pseudonymously on the ground that either or both of them, acting within the scope of their employment by USMS, committed the negligent acts and omissions complained of herein.

## JURISDICTION AND VENUE IN THIS COURT

5.     This Court has subject matter over the claims presented, and over the parties, pursuant to 28 U.S.C. Section 1346(b)(1), because this is an action for money damages against the United States due to negligence committed by an employee of the United States acting within the scope of his employment.

6.     Venue in this Court is proper pursuant to 28 U.S.C. Section 1402(b), because a substantial part of the events or omissions giving rise to the claim occurred in Manhattan, at the intersection of Pearl Street and park Row, which is in the Southern District of New York.

## PRECONDITIONS TO SUIT

7.     Beckler gave notice of his claim arising out the negligence of USMS personnel acting within the scope of their employment, on October 9, 2019, by serving upon USPS a completed federal form SF-95, via certified mail, Article No. 9590 9402 4541 8278 3272 47.

8.     Beckler's notice of claim upon USMS was received by USMS on October 1, 2019.

9.      Beckler's notice of claim was timely because it was received by USMS on October 1, 2019, within two years of the September 11, 2019 Crash from which Beckler's claim arises.

10.     USMS has not granted, adjusted, or otherwise responded to Beckler's notice of claim for the six month period following USMS's receipt of the notice of claim, which expired on March 1, 2020.

11.     Beckler therefore has exhausted his administrative remedies and has satisfied all other conditions precedent to commencing this action against USMS pursuant to the FCTA.

## FACTS ESTABLISHING BECKLER'S RIGHT TO RELIEF

12.     <u>The Crash</u>.  On September 11, 2019, there existed a moveable barrier positioned across the western leg of the intersection of Pearl Street and Park Row, in the County and the State of New York (the "Barrier").

13.     The Barrier consisted of metal bars installed in a sub-grade bed excavated from the roadway, which could be raised to above-grade position and thereby creating a barrier to roadway traffic, or lowered into the sub-grade bed, allowing traffic to pass without incident.

14.     The Barrier was operated by means of a motorized mechanism, the controls for which where located in a security booth positioned approximately ten feet to the south of the location of the Barrier in the roadway (the "Booth").

15.     On information and belief, personnel employed and directed by USMS customarily were stationed in the Booth and, as one of their duties as USMS employees,

were responsible for raising and lowering the Barrier to control the flow of vehicles seeking to cross the western leg of the intersection of Pearl Street and Park Row.

16.     On information and belief, on September 11, 2019, at approximately 12:00 noon, John Does 1 and/or John Doe 2 (hereafter, the "USMS Personnel") were employed and directed by USMS to be present in or near the Booth, and to be responsible, within the scope of the respective employment of each, for operation of the Barrier.

17.     On information and belief, on September 11, 2019, at approximately 12:00 noon, the USMS Personnel caused or allowed the Barrier to be moved from the lowered (sub-grade) position to the raised position while Beckler was operating a bicycle across the western leg of the intersection of Pearl Street and Park Row.

18.     Due to the raising of the Barrier while Beckler was operating a bicycle over it, Beckler was thrown from his bicycle and crashed to the ground, sustaining injuries.

19.     The USMS Personnel(s)' Negligence.  The USMS Personnel owed a duty to the public to use reasonable care in the operation of the Barrier in order to avoid causing injury or other harm.

20.     On information and belief, the USMS Personnel had received training and guidance from USMS in the safe operation of the Barrier, in a manner reasonably calculated to avoid harm to persons traveling over it.

21.     On information and belief, immediately prior to the Crash the USMS Personnel had a clear line of sight enabling them to perceive Beckler bicycling toward the Barrier through the ordinary use of their senses.

22.     On information and belief, the USMS Personnel caused or allowed the

Barrier to be raised without taking reasonable steps to ascertain whether doing so would

cause harm or injury to persons passing over it.

23.     The actions of the USMS Personnel described in the immediately

preceding paragraph was the direct and proximate cause of the Crash and of Beckler's

injuries sustained in the Crash.

24.     <u>Beckler's Injuries and Other Damages Sustained in the Crash.</u>  In the

Crash, Beckler sustained injuries including a shattered right (dominant) distal humerus

requiring surgical repair with metal hardware; trauma to left hand, fingers, and wrist; and

trauma to both knees.

25.     Due to these injuries sustained in the Crash, Beckler experienced pain and

suffering, mental anguish, disability, and loss of enjoyment of life, as well as incurring

expenses for care, treatment, transportation, and other assistance, and other consequential

damages and other losses.

26.     In the Crash, Beckler also sustained property damage, including damage to

his bicycle, bicycle helmet, and other items of personal property.

**CAUSE FOR RELIEF – NEGLIGENT ACT OR OMISSION**
**IN THE OPERATION OF THE BARRIER**

27.     Plaintiff realleges the allegations set forth in the paragraphs above as if set

forth fully herein.

28.     By allowing or causing the Barrier to be raised when Beckler was

operating a bicycle over it, the USMS Personnel negligently caused Beckler to be struck

5

and injured, failing to use the due care required of a reasonably prudent person charged with the operation of the Barrier in a public roadway.

29.     The USMS Personnel's negligent failure to use due care in the encounter with Beckler proximately caused Beckler's injuries, disability, pain, suffering and other losses and damages.

30.     The USMS Personnel's negligent acts and omissions were committed within the scope of, and in furtherance of, their responsibilities as USMS employee(s).

31.     Because the USMS Personnel caused the Crash while acting within the scope of employment by USMS, pursuant to New York State law principles of *respondeat superior* and the FTCA, USMS is liable for the negligence of the USMS Personnel.

WHEREFORE, Beckler respectfully requests the Court to enter judgment against the United States Marshals Service for compensatory damages in an amount to be proven at trial, and for costs and disbursements, as for such other and further relief as the court may deem proper.

Dated:      New York, New York
            August 6, 2020


By:     _____/s/_____
            Steve Vaccaro
            Law Office of Vaccaro & White
            17 Battery Place, Suite 204
            New York, NY 10004